SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Zarish Najam, residing at 99-25 60th Avenue, Apt. 6C, Corona, New York 11368, New York ("Najam"), and HF Management Services, LLC, located at 100 Church Street, New York, New York ("Healthfirst" or the "Company") (Healthfirst and Najam are referred to jointly herein as "the Parties").

WHEREAS, Najam was hired by the Company as an Assessment Nurse in 2016; and

WHEREAS, Najam's employment with the Company ended on March 1, 2022, due to then-existing COVID-19 vaccination requirements; and

WHEREAS, Najam filed a court complaint alleging failure to accommodate her objection to the COVID-19 vaccines due to her religious beliefs (the "Action"); and

WHEREAS, the Company denies all allegations of wrongdoing in the Action; and

WHEREAS, Najam and the Company desire to resolve, compromise and settle in full any and all claims that Najam had, has or may have against the Company, including all claims that were or could have been asserted in the Action, without any admissions of guilt, noncompliance with, or violation of, any law, ordinance or public policy.

NOW, THEREFORE, as consideration for this Agreement and the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and in full and complete accord and satisfaction of all of Najam's asserted and unasserted claims against the Company, Najam and the Company agree as follows:

1. Consideration.

   (a) Subject to the terms of this Agreement, within 30 days of the Effective Date (defined below in section 5) of this Agreement, provided that Najam has signed and delivered it to the Company's attorneys of record in the Action, the Company shall hire Najam as an Assessment Nurse at

an annualized salary of $108,640, plus the benefits to which the Company's employees in that position are generally eligible, effective June 24, 2024.

(b)     Najam agrees that no monies or other relief are due her from the Company and that she would not receive the foregoing Consideration but for her timely execution and delivery of this Agreement and fulfillment of the promises herein.

2.     General Release.

(a)     In exchange for the Consideration described above, Najam, to the maximum extent permitted by law, hereby releases and forever discharges Healthfirst, its past and present parents (including, but not limited to, Healthfirst, Inc.), subsidiaries, affiliates, predecessors, insurers, successors and assigns, and all of its and their respective past and present officers, directors, members, shareholders, employees, attorneys, agents and representatives, and all persons and entities acting by, through or in concert with any of them (collectively, "Releasees") from any and all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, costs, disbursements, attorney's fees, and causes of action from the beginning of time through the Effective Date of this Agreement, whether known or unknown, asserted or unasserted, foreseen or unforeseen.  This release includes, but is not limited to: any and all claims arising out of or related to Najam's employment with the Company and the termination thereof; any and all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Americans with Disabilities Act, the Rehabilitation Act, the Civil Rights Act of 1866, the Age Discrimination in Employment Act ("ADEA") and the Older Worker Benefit Protection Act, the Employee Retirement Income Security Act, the False Claims Act, the Dodd-Frank Act, the Sarbanes-Oxley Act, the Family and Medical Leave Act, the Fair Credit Reporting Act, the Worker Adjustment and Retraining Notification Act, the New York City Human Rights Law, any and all provisions of New York State's Labor Law,

General Obligations Law, Civil Rights Law, Corrections Law and Executive Law (including, but not limited to, the New York State Human Rights Law), as well as any and all claims for wages, wage supplements, employee benefits (including any claims for vacation, sick or personal leave pay, short term or long term disability benefits, or payment pursuant to any practice, policy, handbook, or manual), mental or emotional distress, discrimination, harassment, retaliation, defamation, negligence, intentional torts, breach of contract (express or implied, including implied covenants), violation of public policy, invasion of privacy, fraud, negligent misrepresentation, intentional or negligent infliction of emotional distress, intentional interference with economic advantage or business relations, personal injury, promissory estoppel, punitive damages, attorney's fees and costs, and any and all other causes of action arising under any federal, state, or local constitution, statute, ordinance, public policy, rule, regulation or common law; and any ground for recovering costs, disbursements or attorneys' fees.

      (b)    Notwithstanding the generality of subsection (a) above or any other provision of this Agreement, nothing herein releases or waives: (i) any claim or right that arises after the Effective Date of this Agreement; (ii) any right to enforce this Agreement; (iii) any right to challenge the knowing and voluntary nature of Najam's release of claims under the ADEA, or (iv) any claim that cannot be waived via private agreement. Nothing in this Agreement is intended to, or shall, interfere with Najam's right to file or otherwise participate in a charge, investigation, or proceeding conducted by the Equal Employment Opportunity Commission or other federal, state, or local government agency, or with her right to provide truthful information to any such agency, law enforcement or a court. Najam shall not, however, be entitled to any relief, recovery, or monies in connection with any such matter brought against any of the Releasees, regardless of who filed or initiated any such charge, investigation, or proceeding, except that nothing in this section or elsewhere in this Agreement shall limit Najam's right to receive any award issued under a government-administered whistleblower program. Subject to that exception, Najam agrees that she will

neither seek nor accept, from any source whatsoever, any further benefit, payment or other consideration relating to any rights or claims she is releasing in this Agreement.

(c) Najam represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, demand, action or cause of action based upon or arising out of or pertaining to or concerning or connected with any of the matters or things released herein. Najam agrees and covenants that should any person, organization, or other entity file, charge, claim, sue, or cause or permit to be filed any civil action, suit or legal proceeding, or if any person, organization, or other entity has filed, charged, claimed, sued, or caused or permitted to be filed any civil action, suit or legal proceeding, against any of the Releasees involving any matter occurring at any time in the past, Najam is not entitled to and will not seek or accept personal, equitable or monetary relief in such civil action, suit or legal proceeding and he will immediately take all steps necessary to effectuate his withdrawal from such action, suit or legal proceeding, with prejudice. Najam also waives any right to join or represent a class or collective action or otherwise participate in any putative or certified class, collective, or multi-party action or proceeding against the Company or any of the other Releasees.

(d) Najam shall (i) execute and permit filing of the attached Stipulation of Discontinuance, with prejudice, of all claims that were or could have been asserted in the Action, and (ii) prepare, execute and file any other papers that may be necessary to dismiss the Action, with prejudice. The Parties agree that the Stipulation of Discontinuance may be filed upon delivery of this Agreement bearing Najam's signature.

3. <u>No Admission of Liability</u>. Neither this Agreement nor any of its terms nor any actions taken pursuant to it may be construed as any form of admission by the Company or any of the other Releasees (defined below) of any liability or wrongdoing whatsoever. The Company is entering into this Agreement solely to avoid the expense and burden of further litigation.

4. <u>Voluntary Agreement</u>. Najam acknowledges, agrees and affirms that:

(a) She has read and understands the terms of this Agreement, including her commitment to RELEASE AND DISCHARGE all of the Releasees from any and all claims and actions;

(b) She has had a full and fair opportunity to consult with an attorney before executing this Agreement;

(c) She has had a reasonable time within which to consider her rights and obligations under this Agreement and has signed on the date below after concluding it is satisfactory;

(d) She has signed this Agreement knowingly and voluntarily;

(e) This Agreement is legally binding and, except as provided in section 2(b), by signing it, Najam gives up certain rights, including any right she may have to pursue claims against the Company or other Releasees under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq.*;

(f) No promise or representation not specifically contained in this Agreement has been made by the Company or any of the other Releasees, or by anyone acting on their behalf, to induce Najam to enter into this Agreement, and Najam has not been forced or pressured to sign it;

(g) She is, through this Agreement, releasing the Company and the other Releasees from any and all claims relating to any conduct, statements or events that occurred or should have occurred before the Effective Date of this Agreement (defined below) in exchange for the Consideration described herein, which she acknowledges is adequate and satisfactory and is in addition to any other benefits to which she may otherwise be entitled;

(h) She knowingly and voluntarily agrees to all of the terms in this Agreement, and intends to be legally bound by them;

(i) She is not owed any wages, wage supplements, benefits, liquidated damages, interest, costs, disbursements or attorneys' fees; and

(j)     She is not waiving any rights or claims that may arise after the Effective Date.

5.  Effective Date. The "Effective Date" of this Agreement will be the day this Agreement bearing Najam's notarized signature is delivered to the Company's attorneys of record in the Action. This Agreement will be neither effective nor enforceable before the Effective Date.

6.  Choice of Law/Forum/Waiver of Jury Trial/Contract Interpretation.

(a)     This Agreement shall be deemed to be made under, and in all respects shall be interpreted, construed and governed by and in accordance with, the laws of the State of New York without reference to its conflict of law principles.

(b)     Najam waives any right she may have to a jury trial on any issue in any dispute relating to, arising out of, pertaining to or affecting this Agreement.

(c)     This Agreement sets forth the entire agreement between Najam and the Company concerning the subject matter of this Agreement, and supersedes any and all prior agreements, discussions, understandings, promises and expectations between them on that subject. This Agreement may be modified only by a written instrument signed by Najam and by an authorized representative of the Company.

(d)     The Parties agree that the language of this Agreement shall be construed as a whole, according to fair meaning and not strictly for or against either party. Should any provision, clause or sentence of this Agreement, or portion thereof, be determined to be illegal, invalid, or unenforceable, the remainder of this Agreement and the remainder of such provision, clause or sentence shall be unaffected thereby and be given full effect without regard to the illegal, invalid or unenforceable portion, provided, however, if any part of section 2 is held illegal, invalid or unenforceable, the Company shall be released from any obligations under section 1 and Najam shall retain all of her rights.

7. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement may be used in any action or proceeding to enforce the terms of this Agreement.

**WHEREFORE**, the undersigned subscribe to this Agreement, as of the date(s) set forth below opposite their respective signatures.

Dated: 04/30/2024    _Zarish Najam_
                     Zarish Najam

Sworn to and subscribed before me this 30th day of April 2024, by Zarish Najam, who is personally known to me or has produced NY STATE DRIVER LICENSE as identification.

_Yiu Kwan Chan_
Notary Public – State of New York
YIU KWAN CHAN
Printed Name

YIU KWAN CHAN
Notary Public - State of New York
NO. 01CH6102553
Qualified in Queens County
My Commission Expires Dec 8, 2027

Dated: 4/25/2024    HF MANAGEMENT SERVICES, LLC
                    By: _Kithi Ams_
                    Its: VP + Associate General Counsel

Page 7 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZARISH NAJAM,

              Plaintiff,

v.

HEALTHFIRST, INC.,

              Defendant.

23-cv-093913 (JGK)

**STIPULATION OF DISCONTINUANCE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendant HF Management Services, LLC (sued herein as Healthfirst, Inc.; hereinafter "Defendant"), through the undersigned, that the above-captioned action and all claims that were or could have been asserted in it shall be and hereby is withdrawn and discontinued, with prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, without fees, costs or disbursements to any party.

Dated: __4/30/2024__, 2024
       Washington, D.C.

*Chad J LaVeglia*
ID eGCmkGzmzXje64quX4FJqYFD
_____
Chad LaVeglia

**YODER LAVEGLIA LLP**
2001 L St NW, Suite 500
Washington, D.C. 20036
Tel: (202) 875-2799
claveglia@yoderlaveglia.com

*Attorneys for Plaintiff*

Dated: _____, 2024
       Rye, New York

_____
David S. Warner

**DORF NELSON & ZAUDERER LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
Telephone: (914) 381-7600
dwarner@dorflaw.com

*Attorneys for Defendant*

## eSignature Details

**Signer ID:**     **eGCmkGzmzXje64quX4FJqYFD**
Signed by:     Chad LaVeglia
Sent to email:     claveglia@yoderlaveglia.com
IP Address:     144.121.247.70
Signed at:     Apr 30 2024, 3:33 pm EDT